UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BETTYE A. LOVING,

    Plaintiff,

v.                                                                       Case No. 08-C-881

TIMOTHY F. GEITHNER,
Secretary, United States Department of the Treasury,

    Defendant.

**ORDER REGARDING VARIOUS MOTIONS SURROUNDING THE PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On July 30, 2010, the defendant in this case filed a motion for summary judgment. Under this district's local rules, pro se plaintiff Bettye A. Loving's ("Loving") brief and other materials in response to that motion were due to be filed no later than 30 days after service of the motion upon her. In other words, her brief and other responsive materials were due to be filed on or about August 30, 2010.

On August 19, 2010, at Loving's request, the court granted Loving until November 1, 2010, to file her response. On October 13, 2010, the court, again at Loving's request, granted her until January 5, 2011, to file her responsive materials. Notably, in that order the court advised Loving that no further extensions would be granted. Obviously, the court was not true to its word because on December 20, 2010, the court again granted Loving's request for an extension of time, this time granting Loving until January 31, 2011 to file her responsive materials. On January 31, 2011, Loving made another request for an extension of time. The court granted her request and ordered that her responsive materials be filed no later than February 4, 2011. On February 3, 2011, Loving again requested an extension of time, and

1

the court granted her until February 7, 2011 to file her responsive materials.

Finally, on February 7, 2011, Loving filed her responsive materials. However, on that same date, Loving filed a motion to supplement her response with additional exhibits. On February 9, 2011, the defendant filed its response to Loving's motion. In that response the defendant also moved, under Civil L.R. 7(h), for the court to issue an order striking "the additional 204 factual propositions (that the plaintiff filed with her above-noted response on February 7, 2011) that exceed the 100 additional factual proposition limitation set forth in Civil L. R. 56(b)(2)(ii)." (Def.'s Resp. at 1.) Moreover, the defendant sought an order delaying "the commencement of the period for the defendant to reply to the summary judgment motion response that the plaintiff filed on February 7, 2011 until the parties' pending motions have been ruled upon by the Court." (Def.'s Resp. at 1-2.)

On February 14, 2011, Loving filed a response to the defendant's motions made in his February 9, 2011 submission. On that same date, Loving filed a "Motion to Extend the Factual Proposition Limitation Set Forth in Civil L.R. 56(b)(2)(ii)." On that same date, the defendant filed a "Consolidated Reply and Response to the Response and Motion that the Plaintiff Filed on February 14, 2011."

In its most recent filing, the defendant "withdraws its opposition to the length of the plaintiff's motion, and does not oppose her instant motion for an extension of the subject factual assertion limitation." (Def.'s Consolidated Reply, at 1.). The defendant proceeds to state:

> By her above-noted response to the defendant's motion, the plaintiff again appears to request an order for additional time to submit additional exhibits in support of her response to the defendant's summary judgment motion. By that response, the plaintiff also appears to assert that the additional exhibits that she wishes to submit are necessary to support some of her objections to the defendant's proposed findings of fact. Although the reason for the plaintiff's failure to file those exhibits on the date that her response was due (February 7, 2011) is still not entirely clear to the defendant, to expedite matters, the defendant does not oppose the plaintiff's request.

2

However, like her initial motion for said relief, the amount of the additional time period that the plaintiff seeks to file and serve those missing exhibits does not appear to be included in her instant motion. The number of additional exhibits that the plaintiff claims that she needs to file is also not specified in her submissions. The defendant submits that it would be more than reasonable for such an extension not to exceed a two week period, that is, until February 28, 2011. The defendant also again requests an order directing that the defendant's time-period to file its reply not begin to run until the plaintiff has filed all aspects of her response. Also, based upon the number of additional proposed findings of fact that the plaintiff has submitted, the defendant also requests an extension of its period to reply from 14-day[s] to 21-days.

As the scenario set forth above clearly demonstrates, this court has been exceedingly charitable in granting Loving's multiple requests for extensions of time to respond to the defendant's motion for summary judgment. Indeed, up until this point in time, she has been granted over <u>five additional months</u> to file her materials in response to the defendant's motion. Yet, she still seeks even more time to file an additional unspecified number of exhibits. The patience of even the most patient court eventually runs out. The patience of this court has now reached its limit.

Loving will be granted until February 28, 2011, to file any and all materials in opposition to the defendant's motion for summary judgment. Any materials filed after that date by the plaintiff in opposition to the defendant's motion for summary judgment <u>will be disregarded by the court</u>.

The defendant shall file his reply and materials in support thereof no later than March 21, 2011.

**NOW THEREFORE IT IS ORDERED** that <u>no later that February 28, 2011</u>, Loving shall file any and all materials in opposition to the defendant's motion for summary judgment; <u>any materials filed after that date will be disregarded by the court</u>;

**IT IS FURTHER ORDERED** that the plaintiff's motion to supplement be and hereby is **GRANTED** as set forth herein;

**IT IS FURTHER ORDERED** that the plaintiff's motion to extend the factual proposition

3

limitation as set forth in Civil L.R. 56(b)(2)(ii) be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the defendant's motion to strike plaintiff's additional 204 factual propositions be and hereby is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that the defendant's motion/request for an extension of time to file its reply be and hereby is **GRANTED**.

**SO ORDERED** this 14th day of February 2011, at Milwaukee, Wisconsin.

**BY THE COURT:**

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge